# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into among **JORGE L. LOPEZ** ("Lopez"), **ESTEBAN MACHADO** ("Machado"), and all of their agents, successors, heirs, and assigns (collectively referred to as "Plaintiffs"), and **FRONTON HOLDINGS, LLC** (the "Company").

### Recitals

**WHEREAS,** Plaintiffs were, at one time, employed by the Company; and

**WHEREAS,** Plaintiffs asserted claims under the Fair Labor Standards Act ("FLSA") and state law in the case styled: *Lopez and Machado v. Fronton Holdings, LLC,* Case No. 16-23890-UU, presently before the United States District Court, Southern District of Florida ("the Litigation");

**WHEREAS,** the Company denies all allegations and disputes all claims raised by Plaintiffs;

**WHEREAS,** Plaintiffs and the Company desire to compromise, finally settle, and fully release any and all actual or potential claims that Plaintiffs may have against the Company at the time they execute this Agreement, including, but not limited to, those related to or arising out of their employment and separation of employment, as well as those claims raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, Plaintiffs and the Company hereby agree to the following Terms and Conditions:

### Terms and Conditions

1.  All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2.  Upon execution of this Agreement, the Parties agree to jointly file the motion attached hereto as Exhibit 1 requesting that the Court enter an order dismissing the pending Litigation with prejudice. This Agreement shall be null and void and neither party shall have any obligations under it if the Court does not approve the Agreement and dismiss the Litigation with prejudice.

3.  In consideration for Plaintiffs' execution of this Agreement and release of their claims and potential claims against the Company as set forth in this Agreement, the Company agrees that, upon receiving the necessary tax forms (i.e. W-9 form) from Plaintiffs and their counsel, and within seven (7) days from the date of the Court's approval of this Agreement and dismissal of Plaintiffs' claims in the Litigation with prejudice, it will pay the global amount of Fifteen Thousand One Hundred Twenty Seven Dollars and Ninety Cents ($15,127.90), inclusive of attorneys' fees and costs as follows:



CK
Initials

#5392831 v1

**Payment to Lopez**

Payment to Lopez in the gross amount of Three Thousand One Hundred Seventy Seven Dollars and Seventeen Cents ($3,177.17), less applicable federal income tax withholding and other deductions required by law, in alleged back wages owed, payable to "Jorge L. Lopez." This amount will be reported on a Form W-2 issued to Lopez for the applicable tax year.

**Payment to Machado**

Payment to Machado in the gross amount of Four Thousand Four Hundred Fifty Dollars and Seventy Three Cents ($4,450.73), less applicable federal income tax withholding and other deductions required by law, in alleged back wages owed, payable to "Esteban Machado." This amount will be reported on a Form W-2 issued to Machado for the applicable tax year.

**Payment to Todd W. Shulby, P.A.**

Payment to Plaintiffs' attorneys, Todd W. Shulby, P.A., in the gross amount of Seven Thousand and Dollars ($7,000.00), payable to "Todd W. Shulby, P.A." (Tax ID 59-3773230), which represents attorney's fees incurred by Todd W. Shulby, P.A. This amount will be reported on IRS Form 1099 issued by the Company to Todd W. Shulby, P.A. and Plaintiffs for the applicable tax year.

Payment to Plaintiffs' attorneys, Todd W. Shulby, P.A., in the gross amount of Five Hundred Dollars ($500.00), payable to "Todd W. Shulby, P.A." (Tax ID 59-3773230), which represents costs incurred by Todd W. Shulby, P.A. This amount will be reported on IRS Form 1099 issued by the Company to Todd W. Shulby, P.A. and Plaintiffs for the applicable tax year.

4.    Plaintiffs and Defendant hereby agree, represent and warrant that they shall have sole responsibility for the satisfaction of their portion of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to the payments made or any recovery by them under this Agreement, except for the tax contributions federally mandated of the Company, and that they will fully satisfy all taxes, liens, and assignments which may arise as a result of their receipt of the settlement payments. Plaintiffs represent that they are not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

5.    In consideration for the payments described above, Plaintiffs agree:

A.    To generally release, satisfy and forever discharge the Company, along with its respective past and present trustees, shareholders, owners, officers, members, principals, employees, contractors, agents, subsidiaries, divisions, predecessors, parents, insurers, affiliated entities, successors, transferees and assigns, and their personal representatives, heirs, and attorneys (collectively referred to in this Agreement as the "Released Parties") from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Plaintiffs ever had or may now have against the Released Parties from the beginning of time to the date they execute this Agreement, except for the obligations the Company undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Plaintiffs' employment with the Company and separation of employment with the Company pursuant to any federal, state, or local employment laws, regulations,



EM

#5392831 v1

-2-

CM
Initials

ordinances, or executive orders. Notwithstanding the above, Plaintiffs acknowledge that they are not waiving any rights or claims that may arise after this Agreement is signed or any rights or claims that by law cannot be released in this Agreement.

      **B.**    **That no rights or claims arising under the Age Discrimination in Employment Act ("ADEA") after the date this Agreement is signed are waived.**

      **C.**    That with respect to the claims they are waiving, Plaintiffs acknowledges that they are waiving not only their right to recover money or other relief in any action that they might institute, but they are also waiving their right to recover money or other relief in any action that might be brought on their behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

      **D.**    Not to apply for or accept future employment with any of the Released Parties and Plaintiffs agree that the Company shall have no obligation to hire them as an employee, independent contractor or otherwise.

      **E.**    That Plaintiffs have been paid through settlement of the Litigation and/or hereby release claims concerning all of their past wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the date of this Agreement and that no such additional amounts are due to them.

      **F.**    That Plaintiffs have not filed any claims, complaints, charges, lawsuits or other proceedings against the Company with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

      **G.**    That Plaintiffs do not have any known workplace injuries or occupational diseases.

      **6.**    **Pursuant to the provisions of the Older Workers Benefit Protection Act ("OWBPA"), which applies to Plaintiffs' waiver of rights under the ADEA, Plaintiffs understand and acknowledge the following:**

      **A.**    <u>**Each Plaintiff has been given twenty-one (21) days within which to consider whether to execute this Agreement. Also pursuant to the OWBPA, each Plaintiff has seven (7) days from the date he signs this Agreement within which to revoke this Agreement, by providing written notice via U.S. mail, overnight mail or hand delivery to Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., 150 W. Flagler Street, Suite 2200, Miami, FL 33130, attention J. Freddy Perera, Esq.;**</u>

      **B.**    **Written revocation must be received no later than midnight on the seventh day;**

-3-

Initials

C.     **This Agreement shall not become effective until the seven-day revocation period has expired. Plaintiffs will not be entitled to any benefits of this Agreement if it is revoked ;**

D.     **Plaintiffs may sign this Agreement prior to the end of the twenty-one (21)-day period. If Plaintiffs agree to do so, Plaintiffs agree that it was done knowingly and voluntarily, without any improper inducement by the Released Parties;**

E.     **Plaintiffs acknowledge that they received this Agreement on November 23, 2016; and**

F.     **Plaintiffs agree that any modifications, material or otherwise, made to this Agreement, do not restart or affect in any manner the original up to twenty-one (21) calendar day consideration period.**

7.     Plaintiffs have been apprised of their right to seek assistance from legal counsel of their choosing or directly from the Social Security Administration or other government agencies regarding the impact this Agreement may have on Plaintiffs' current or future entitlement to Social Security or other governmental benefits. Plaintiffs acknowledge that acceptance of these settlement funds may affect Plaintiffs' rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Plaintiffs desire to enter into the terms of this Agreement.

8.     The Company agrees to generally release, satisfy and forever discharge Plaintiffs, along with their respective heirs, administrators, personal representatives, agents, attorneys, and assigns (collectively referred to in this Agreement as the "Released Plaintiff Parties") from any and all claims, demands or liabilities whatsoever, whether known or unknown, which the Company ever had or may now have against the Released Plaintiff Parties from the beginning of time to the date they execute this Agreement, except for the obligations the Plaintiffs undertake in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Plaintiffs' employment with the Company and separation of employment with the Company pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders. Notwithstanding the above, the Company acknowledges that it is not waiving any rights or claims that may arise after this Agreement is signed or any rights or claims that by law cannot be released in this Agreement.

9.     The Parties agree to pay their respective attorneys' fees and costs in connection with this Agreement, unless otherwise specified herein, and will not try to obtain any additional fees or costs from each other. However, the Parties reserve any and all rights to enforce the terms of this Agreement. In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to its/his reasonable attorneys' fees and costs.

10.    Plaintiffs represent and warrant that they have the capacity to act on their own behalf and on behalf of all who might claim through them to bind them to the terms and conditions of this Agreement.

EM

85392831 v1

Initials

11.     None of the parties have relied upon any representations or statements made by any other party hereto which are not specifically set forth in this Agreement.

12.     Plaintiffs and the Company acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

13.     This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Company.

14.     The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect. Waiver by Plaintiffs or the Company of any breach of any provision of this Agreement shall not be construed to be a waiver by such party of any succeeding breach of such provision or a waiver by such party of a breach of any other provision.

15.     This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve it.

16.     The laws of the State of Florida shall apply to this Agreement.

17.     This Agreement may only be amended in writing signed by Plaintiffs and the Company and approved by the Court.

18.     This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. Signatures to this Agreement may be exchanged by facsimile or electronically (e.g. signed scanned signature transmitted by e-mail).

19.     This Agreement shall not be construed against the Company by reason of the fact that the Company was responsible for the drafting of this Agreement or any provision of this Agreement.

20.     **PLAINTIFFS ARE ADVISED TO CONSULT WITH AN ATTORNEY OF THEIR CHOICE; PLAINTIFFS REPRESENT THAT THEY HAVE CAREFULLY REVIEWED AND CONSIDERED THIS AGREEMENT; THAT THEY UNDERSTAND THE TERMS OF THE AGREEMENT AND ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO THEM TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE COMPANY FROM ANY AND ALL CLAIMS.**

I have read the foregoing Settlement Agreement and I accept and agree to the provisions contained herein.

-5-

#5392831 v1

Initials

11 26 16
_____
DATE

JORGE L. LOPEZ

11-29-16
_____
DATE

ESTEBAN MACHADO

FRONTON HOLDINGS, LLC

By: _____

Print Name: __Gevork Khachatrian__

Title: __VP of Finance and Administration__

11/23/16
_____
DATE

-6-

#5392831 v1